FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 02 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ADIL KHALIL,

               Plaintiff,

        -against-

PRATT INSTITUTE,

               Defendant.

-----------------------------------------------------------------X

ORDER
16-CV-6731 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Adil Khalil ("plaintiff") brings this action against Pratt Institute ("Pratt" or "defendant") for alleged violations of (1) 42 U.S.C. § 1983 ("Section 1983"); (2) Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 701; (3) Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d; (4) the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232(g); (5) the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400; and (6) various state common laws. On July 10, 2017, Pratt moved to dismiss plaintiff's first amended complaint[1] in its entirety. (ECF No. 25.) On October 18, 2017, the Court referred the motion to the Honorable Steven I. Locke. (ECF No. 31.)

Presently before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke advising the Court to dismiss plaintiff's FERPA and IDEA claims with prejudice, and to dismiss the remaining claims without prejudice. (*See generally* ECF No. 32.) More specifically, Magistrate Judge Locke concluded that the FERPA claim should be dismissed with prejudice because that statute does not provide a private right of action. (R&R at 20-21.) With

---

[1] Plaintiff amended his complaint as of right under Federal Rule of Civil Procedure 15 before briefing on defendant's first motion to dismiss was complete.

1

respect to the IDEA claim, Magistrate Judge Locke concluded that that claim should be dismissed with prejudice because IDEA applies only to persons between three and twenty-one years of age, and plaintiff was twenty-eight years old during the relevant time period. (R&R at 20.) Magistrate Judge Locke concluded that plaintiff's Section 1983, Section 504, and Title VI claims, as pleaded, were time-barred (R&R at 12-16) and failed to state viable causes of action (R&R at 16-19). However, because Magistrate Judge Locke could not "say with absolute certainty" that amendment would be futile as to those claims, he recommended that they be dismissed without prejudice and that plaintiff be given an opportunity to amend. (R&R at 22-23.) Finally, Magistrate Judge Locke recommended that the Court decline to exercise supplemental jurisdiction over the state law claims. (R&R at 21-22.) For the reasons explained below, after a *de novo* review, the Court adopts the thorough and well-reasoned R&R in its entirety.

## I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. The Parties' Responses to the R&R

Plaintiff submitted an "opposition" to the R&R on December 26, 2017. (ECF No. 34.) Plaintiff does not raise any objections to the R&R. Instead, he requests an opportunity to amend the complaint to include additional allegations consistent with the R&R. (*See id.* at 1-3.) With respect to the FERPA and IDEA claims, plaintiff agrees that those claims should be dismissed with prejudice. (*Id.* at 3.)

Defendant responded to plaintiff's "opposition" on January 8, 2018. (ECF No. 35.) Defendant also does not raise any specific objections to the R&R. Instead, defendant asserts that because plaintiff's claims are time-barred and plaintiff cannot demonstrate that tolling applies, any amendment would be futile and plaintiff's request to amend should be denied. (*Id.* at 4-5.)

## III. Analysis

Having reviewed the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety. As an initial matter, the Court agrees that the FERPA and IDEA claims should be dismissed with prejudice because any amendment of those claims would be futile. With respect to the Section 1983, Section 504, and Title VI claims, the Court agrees that those claims should be dismissed without prejudice, and that plaintiff should be granted leave to amend the complaint to include factual allegations that establish equitable tolling and cure the other deficiencies detailed in the R&R. As Magistrate

3

Judge Locke correctly noted, a *pro se* litigant "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Dluhos v. Floating & Abandoned Vessel, Known as "New York"*, 162 F.3d 63, 69 (2d Cir. 1984) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). Thus, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). In light of plaintiff's *pro se* status, and because the Court agrees with Magistrate Judge Locke that amendment would not necessarily be futile as to these claims, the Court grants plaintiff leave to amend.

The Court notes, however, that plaintiff's "opposition" to the R&R appears to argue that equitable tolling applies because Pratt allegedly withheld documents from plaintiff. (ECF No. 34 at 1-3.) A statute of limitations may be tolled when a defendant fraudulently conceals the existence of a cause of action. *E.g., Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004). However, allegations that defendant withheld documents from plaintiff, without more, would be insufficient to establish that such tolling applies here. Plaintiff must also allege facts demonstrating that defendant's withholding of those documents "depriv[ed him] of information needed to file a lawsuit." *Harrison v. Harlem Hosp.*, No. 05 Civ. 8271 (WHP), 2007 WL 2822231, at *3 (S.D.N.Y. Sept. 28, 2007), *aff'd*, 364 F. App'x 686 (2d Cir. 2010); *see also Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 200 (2d Cir. 2001) ("Although some of the facts putatively concealed by the defendants might have strengthened [plaintiff's] case by corroborating her story, we find that the absence of those facts did not sufficiently justify [plaintiff] in not pursuing her cause of action as to merit equitable tolling."); *Finkelman v. N.Y. State Police*, No. 06–CV–8705 (JSR), 2008 WL 821833, at *4 (S.D.N.Y. Mar. 26, 2008) (equitable tolling unwarranted,

4

notwithstanding plaintiff's claims that defendants intentionally covered up and refused to disclose internal documents, because the alleged misconduct did not interfere with plaintiff's awareness of the allegedly wrongful conduct that formed basis of plaintiff's claim).

Finally, given that a plausible federal claim has yet to be stated, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims at this juncture. Plaintiff may re-plead those claims in the second amended complaint; however, if the second amended complaint fails to cure the pleading deficiencies in plaintiff's federal claims, as detailed in the R&R and in this Order, the Court would again decline to exercise supplemental over the state law claims.

### IV. Conclusion

For the foregoing reasons and the reasons set forth in the R&R, IT IS HEREBY ORDERED that the Court adopts the thorough and well-reasoned R&R in its entirety. Accordingly, plaintiff's FERPA and IDEA claims are dismissed with prejudice, and the remaining claims are dismissed without prejudice. The Court grants plaintiff leave to submit a second amended complaint, which must be filed within 45 days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:    February 2, 2018
          Central Islip, NY

5