UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of August, two thousand twenty.

Present:
>	ROSEMARY S. POOLER,
>	PETER W. HALL,
>	DENNY CHIN,
>		*Circuit Judges.*

_____

ADIL KHALIL,

>	*Plaintiff-Appellant*,

v.                                                                                                          19-2605

PRATT INSTITUTE, CITY OF NEW YORK, STATE OF NEW YORK, CHARLES F. KNAPP, NYS TROOPER, UNITED STATES OF AMERICA, STEVE BYRNES, FBI SPECIAL AGENT, ROBERT J. DUFFY, FBI SPECIAL AGENT, M.D. DAVID CHERKAS, M.D. UMAR MANIA, NYC HEALTH AND HOSPITAL CORPORATION, JAMES LEBOW, ESQ., SUNY, METROPOLITAN TRANSPORTATION

MANDATE ISSUED ON 11/17/2020

AUTHORITY, DBA LONG ISLAND
RAILROAD,

       *Defendants-Appellees.*[1]

---

Appearing for Appellant Khalil:    ADIL KHALIL, pro se, Mastic, N.Y.

Appearing for Appellee Pratt Institute:  HAYLEY BROOKE DRYER, Cullen and Dykman LLP, Garden City, N.Y.

 Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

 **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

 Appellant Adil Khalil, proceeding pro se, appeals the district court's judgment dismissing his third amended complaint, raising various claims against Pratt Institute, an attorney he had previously retained, the City of New York, the State of New York, the United States, and several governmental officials and entities. In 2016, Khalil commenced this action solely against Pratt, claiming that Pratt discriminated against him when it placed him on involuntary administrative withdrawal in 2010 and denied him reinstatement in 2011. The district court subsequently granted Pratt's motions to dismiss Khalil's first and second amended complaints—finding that his 42 U.S.C. § 1983, Title VI, and Rehabilitation Act claims were time-barred and that he had failed to show that he was entitled to tolling of the statute of limitations for those claims—but granted him leave to amend to address those deficiencies. In his third amended complaint, Khalil reiterated his prior allegations against Pratt and arguments concerning timeliness, and newly alleged a wide-ranging conspiracy implicating various city, state, and federal entities. The district court sua sponte dismissed the third amended complaint with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

 We review de novo a district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010). The district court must dismiss a complaint filed in forma pauperis if it determines that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint that is time-barred fails to state a claim on which relief may be granted, *see Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018), and a district court may sua sponte dismiss a complaint as time-

---

[1] The Clerk of Court is directed to amend the caption as above.

barred "where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted," *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (internal quotation marks omitted).

The district court properly dismissed the claims against Pratt as time-barred. Khalil's claims arose from his involuntary withdrawal from Pratt in 2010 and denial of reinstatement in 2011, and thus his 2016 complaint was filed outside the statute of limitations for each of his claims. *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (holding that the statute of limitations runs from the time "plaintiff knows or has reason to know of the injury giving rise to the claim" (internal quotation marks omitted)).

Khalil's tolling argument is meritless.  Here, "state tolling rules determine whether the limitations period has been tolled[.]" *See Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007). Under New York's tolling provision, N.Y. C.P.L.R. § 208, plaintiffs who are disabled because of insanity—i.e., "individuals who are unable to protect their legal rights because of an over-all inability to function in society"—may be entitled to tolling of the statute of limitations.  *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 99 (2d Cir. 2014).  Courts have explained that "mental illness alone ha[s] been held to be insufficient to invoke the insanity toll"; instead, "the plaintiff must be totally unable to function as a result of a severe and incapacitating disability."  *Id.* (internal quotation marks and brackets omitted).  As the district court correctly held, Khalil failed to show that his physical disabilities and mental illness were so severe and incapacitating that he was completely unable to function and protect his legal rights.  Instead, according to his own allegations in his complaints, he had complained about his withdrawal from Pratt (as well as the other defendants' alleged actions against him) to several entities in the years prior to bringing suit.

Khalil's estoppel argument is also meritless. Under New York's doctrine of equitable estoppel, a plaintiff must allege "an act of deception" by the defendants which prevented him from timely bringing a suit. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 789 (2012). Khalil fails to explain sufficiently how Pratt's alleged refusal to release his academic records, or his prior attorney's alleged failure to provide him legal services prevented him from timely bringing the lawsuit.

Finally, the district court's dismissal of the third amended complaint with prejudice was proper because it had previously granted Khalil several opportunities to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a pro se plaintiff should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" but leave to amend may be properly denied as "futile") (internal quotation marks omitted)).

3

We have considered the remainder of Khalil's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit